IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPFON L. PULLIAM,<br>    Petitioner,<br><br>v.<br><br>MICHAEL CLARK, et al.,<br>    Respondents. | Civil Action No. 17-145 Erie<br><br>Magistrate Judge Richard A. Lanzillo |

## MEMORANDUM OPINION AND ORDER

Presently before the Court is a petition for a writ of habeas corpus filed by state prisoner Stepfon L. Pulliam[1] ("Petitioner") pursuant to 28 U.S.C. § 2254. ECF No. 5. He is challenging the judgment of sentence imposed upon him on August 15, 2014, by the Court of Common Pleas of Erie County. For the following reasons, the Court[2] will dismiss Petitioner's claims with prejudice.

**I.     Relevant Procedural History[3]**

In 2013, the Commonwealth of Pennsylvania charged Petitioner with one count each of burglary, indecent assault, rape, simple assault, and sexual assault. His case proceeded in the Court of Common Pleas of Erie County at criminal docket CP-25-CR-2790-2013, and the court appointed him trial counsel.

On January 8, 2014, Petitioner pleaded guilty to the counts of simple assault and sexual assault. In exchange for his plea, the Commonwealth *nolle prossed* the remaining counts. On that

---

[1] On some pleadings and state court records, Petitioner's first name is spelled "Stephon" and his last name is spelled "Pullman" or "Pullium."

[2] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

[3] Respondents submitted to this Court a hardcopy of documents filed with the Court of Common Pleas in Petitioner's underlying criminal case at docket CP-25-CR-2790-2013. ECF No. 21. Those documents are indexed and numbered 1 through 134 and this Court shall cite to them as "SCR No. ___." Respondents also submitted the transcripts for the hearings held in Petitioner's criminal case on January 8, 2014, and August 15, 2014.

1

same date, Petitioner also pleaded guilty to one count each of loitering/prowling at night and criminal mischief. Those counts were pending against him in a separate criminal case at docket CP-25-CR-2787-2013.

The following month, Petitioner filed a motion to withdraw his guilty pleas and advised the Court of Common Pleas that "he wishe[d] to assert his innocence and proceed to trial on both dockets." SCR No. 28 at 1. The court granted Petitioner's motion, but he soon changed his mind and on May 1, 2014, he once again pleaded guilty to simple assault and sexual assault. The court then issued an order that directed the State Board to Assess Sexually Violent Predators to determine if Petitioner qualified as a sexually violent predator ("SVP") under the Sexual Offender Registration and Notification Act, 42 PA. CONS. STAT. §§ 9799.10-9799.41, commonly known as Megan's Law. SCR No. 52. The court held Petitioner's SVP/sentencing hearing on August 15, 2014. On that date, it sentenced him to an aggregate term of 72-144 months of imprisonment. It also determined that Petitioner was a SVP and it imposed a lifetime reporting requirement.

Petitioner did not file a post-sentence motion or a direct appeal. Accordingly, his judgment of sentence became final under both state and federal law on September 15, 2014, when the time for him to file a direct appeal with the Superior Court of Pennsylvania expired. Pa.R.A.P. 903; 42 PA. CONS. STAT. § 9545(b)(3) ("a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."); *Gonzalez v. Thaler*, 565 U.S. 134, 149-54 (2012) (a judgment becomes final under 28 U.S.C. § 2244(d)(1)(A) at the conclusion of direct review or the expiration of time for seeking such review).

On March 17, 2015, Petitioner filed a *pro se* petition for relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. § 9541 *et seq.*[4] SCR No. 82. He alleged that his Sixth Amendment right to effective assistance of counsel was violated because his trial counsel knew that the victim was not cooperating with the prosecution but did no investigation and pressured Petitioner to plead guilty. As a result of trial counsel's ineffectiveness, Petitioner alleged, his guilty plea was not entered in an intelligent, knowing, and voluntary manner. SCR No. 82 at 3-4. The Court of Common Pleas appointed counsel to represent Petitioner in the PCRA proceeding. That counsel subsequently moved to withdraw and filed an accompanying "no-merit" letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. 1988) (*en banc*). SCR No. 87. The court granted counsel's motion to withdraw and denied the PCRA petition. SCR Nos. 91-92, 95.

Petitioner, proceeding *pro se*, filed an appeal with the Superior Court. He argued that the Court of Common Pleas erred in denying his PCRA petition. He also alleged that his PCRA attorney was ineffective and he raised new claims that he did not raise in his PCRA petition. Specifically, he raised "cursory arguments alleging ineffectiveness of trial counsel relative to the trial court's SVP determination and relative to trial counsel's failure to file a post-sentence motion challenging discretionary aspects of [his] sentence." ECF No. 19-3, *Commonwealth v. Pulliam*, No. 963 WDA 2015, slip op. at 4 (Pa. Super. Ct. June 1, 2016) ("*Pulliam I*").

On June 1, 2016, the Superior Court issued its decision (*Pulliam I*) in which it affirmed the denial of PCRA relief. It held:

---

[4] The PCRA petition was docketed in the Court of Common Pleas on March 20, 2015. In the certificate of service, Petitioner certified that he placed it in the prison mailing system on March 17, 2015. SCR No. 82 at 10. "Pursuant to the Pennsylvania prisoner mailbox rule, the date of delivery of the PCRA petition by the defendant to the proper prison authority or to a prison mailbox is considered the date of filing of the petition." *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 83 n.1 (3d Cir. 2013) (internal quotation and citation omitted).

3

> [Petitioner's] bald factual assertion that the victim in this case was unwilling to testify[ ] is completely unsupported. [Petitioner] references no source of his information and his PCRA petition contained no affidavits or other evidence supporting his factual claims. Furthermore, [Petitioner] claims he knew of the victim's purported reluctance to testify which he avers was the reason he withdrew his initial guilty plea [which he entered on January 4, 2014]. [Petitioner's] Brief at 6. Accordingly, [Petitioner] has not demonstrated how his subsequent plea [which he entered on May 1, 2014], when he was possessed of that purported knowledge, was not knowingly, intelligently, and voluntarily entered.
>
> Additionally, our review of the record, including the written and oral guilty plea colloquies, and [Petitioner's] responses, leads us to conclude [his] plea was knowingly and voluntarily entered....
>
> Accordingly, we conclude [Petitioner's] underlying claim [that his guilty plea was not entered knowingly, intelligently, and voluntarily] lacks arguable merit, and that he failed to establish he suffered any prejudice from his...counsel's performance.

ECF No. 19-3, *Pulliam I*, No. 963 WDA 2015, slip op. at 8-9. The Superior Court also held that Petitioner waived his other claims because he did not raise them to the Court of Common Pleas when he was litigating his PCRA petition before it. *Id.* at 4-5 n.6.

On June 28, 2016, Petitioner filed with the Superior Court a document that is entered on the Superior Court's docket sheet at an "application for extension of time to file panel reconsideration/reargument."[5] On June 30, 2016, the Superior Court entered an order denying Petitioner's application. He did not file a petition for allowance of appeal with the Supreme Court of Pennsylvania.

The following month, on July 26, 2016, Petitioner filed with the Court of Common Pleas a motion in which he contended that he was entitled to additional sentencing credit. A few weeks later, on August 17, 2016, Petitioner filed a second petition for PCRA relief, SCR No. 114, in

---

[5] The Court takes judicial notice of the information contained on the docket sheets for Petitioner's appeals before the Superior Court, which are available online at https://ujsportal.pacourts.us.

which he argued that he was illegally sentenced under Megan's Law III and that the Court of Common Pleas erred in finding him to be a SVP.

The PCRA has a one-year statute of limitations, which is codified at 42 PA. CONS. STAT. § 9545(b). It is jurisdictional, *see, e.g., Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa. Super. Ct. 2013), and it provides, in relevant part:

> (b) Time for filing petition.--
>
>> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>>
>>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>>
>>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>>>
>>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>>
>> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.
>
> 42 PA. CONS. STAT. § 9545(b)(1)-(2).

The Court of Common Pleas treated Petitioner's motion for sentencing credit as a request for PCRA relief, consolidated it with his second PCRA petition, and determined that all of his claims were untimely under the PCRA's one-year statute of limitations and that no exception to it applied. SCR Nos. 116, 121. Petitioner pursued a *pro se* appeal to the Superior Court. On July 11, 2017, the Superior Court affirmed the Court of Common Pleas' decision to deny relief.

*Commonwealth v. Pulliam*, No. 1704 WDA 2016, 2017 WL 2954666 (Pa. Super. Ct. July 11, 2017) ("*Pulliam II*").[6]

Petitioner commenced federal habeas proceedings with this Court, at the very earliest, on May 30, 2017, which is the date he declared he placed his petition for a writ of habeas corpus in the prison mailing system. ECF No. 5 at 25. In Ground One of his petition, Petitioner claims that his trial counsel was ineffective and, as a result, his "guilty plea is unconstitutional and therefore invalid and illegal." ECF No. 5 at 5. In support, he contends, as he did in his first PCRA petition, that he informed his trial counsel that the victim was not cooperating with the prosecution but that counsel did no investigation and pressured him to plead guilty. Petitioner also contends that his trial counsel failed to advise him of the Megan's Law implications of pleading guilty to sexual assault. In Ground Two, Petitioner asserts that he was denied due process during his first PCRA proceeding and that his PCRA counsel was ineffective.

In their answer [ECF No. 19], Respondents contend, *inter alia*, that the petition is untimely under the applicable one-year statute of limitations. Petitioner filed a reply [ECF No. 26], but he did not address Respondents' statute-of-limitations argument.

## II. Discussion

This Court has jurisdiction under 28 U.S.C. § 2254, which is the federal habeas statute applicable to state prisoners. It permits a federal court to entertain an application for habeas corpus relief from a state prisoner, in relevant part, "only on the ground that he or she is in custody in violation of the Constitution...of the United States." 28 U.S.C. § 2254(a). Petitioner

---

[6] Neither Petitioner nor Respondents mentioned the second PCRA in the pleadings they filed with this Court. And although this Court in its initial order directed Respondents to file with their answer "all opinions and dispositive orders issued by the appellate courts in [Petitioner's] direct appeal or PCRA proceedings[,]" ECF No. 4 at 2, Respondents failed to attached the Superior Court's July 11, 2017, decision to their answer. This Court obtained it from Westlaw.

6

carries the burden of proving that he is entitled to the writ. *See, e.g., Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

In 1996, Congress made significant amendments to the federal habeas statutes with the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214. AEDPA imposes a one-year limitations period for state prisoners seeking federal habeas review. It is codified at 28 U.S.C. § 2244(d) and it provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The date upon which AEDPA's one-year limitations period commenced is determined on a claim-by-claim basis. *Fielder v. Varner*, 379 F.3d 113, 118-22 (3d Cir. 2004). For most claims, it commences on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[,]" 28 U.S.C. 2244(d)(1)(A). That

7

applies to Ground One, with AEDPA's limitation period commencing for that claim on September 15, 2014, which is the date Petitioner's judgment of sentence became final by the conclusion of direct review.[7] On March 17, 2015, Petitioner filed his first and only timely-filed PCRA petition. In accordance with § 2244(d)(2), that PCRA proceeding statutorily tolled AEDPA's statute of limitations beginning on that date. At that point, 182 days[8] had expired from AEDPA's limitations period. Petitioner's first PCRA petition proceeding concluded, at the very latest, on or around August 1, 2016, when the time for him to file a petition for allowance of appeal to the Supreme Court of Pennsylvania expired.[9] Pa.R.A.P. 1113(a)(1); *Swartz v. Meyers*, 204 F.3d 417, 420-21 (3d Cir. 2000) (petitioner is entitled to statutory tolling for the period in which he could have filed an appeal or application for review with a higher state court). AEDPA's limitations period began to run again the next day, August 2, 2016. Since 182 days had already expired from the limitations period, Petitioner had 183 more days–until on or around January 31, 2017–to file a timely federal habeas petition. As set forth above, Petitioner did not file his federal habeas petition until May 30, 2017.

Importantly, Petitioner's second PCRA petition did not statutorily toll AEDPA's limitations period. That is because he filed it outside of the PCRA's statute of limitations and, therefore, it does not qualify as a "properly filed application for State post-conviction or other collateral review" under the terms of § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and [the petitioner] is not entitled to statutory tolling under § 2244(d)(2)."); *id.* at

---

[7] Nothing in the record in this action indicates that Petitioner is entitled to take advantage of any of the other provisions triggering the one-year limitations period set forth at § 2244(d)(1)(B)-(D).

[8] That is the amount of days that expired between September 15, 2014, to March 17, 2015.

[9] The Court will assume without deciding that Petitioner had 30 days from the date the Superior Court denied his "application for extension of time to file panel reconsideration/reargument" (that is, from June 30, 2016), to file a petition for allowance of appeal with the Supreme Court of Pennsylvania. Pa.R.A.P. 1113(a)(1).

8

414 ("When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2).") (internal quotation marks and bracketed text omitted).

Therefore, Ground One is untimely unless Petitioner has demonstrated that *equitable tolling* saves it from dismissal.[10] In *Holland v. Florida*, 560 U.S. 631 (2010), the Supreme Court of the United States held that a petitioner is entitled to equitable tolling only if he shows that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way and prevented timely filing. *See also Ross v. Varano*, 712 F.3d 784, 798-804 (3d Cir. 2013); *United States v. Thomas*, 713 F.3d 165, 174-75 (3d Cir. 2013); *Munchinski v. Wilson*, 694 F.3d 308, 329-32 (3d Cir. 2012). "This conjunctive standard requires showing *both* elements before we will permit tolling." *Sistrunk v. Rozum*, 674 F.3d 181, 190 (3d Cir. 2012) (emphasis in original). The United States Court of Appeals for the Third Circuit instructed that:

> "[t]here are no bright lines in determining whether equitable tolling is warranted in a given case." *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011). Nevertheless, "courts must be sparing in their use of equitable tolling," *Seitzinger v. Reading Hosp. & Medical Ctr.*, 165 F.3d 236, 239 (3d Cir. 1999), and should do so "only when the principles of equity would make the right application of a limitation period unfair." *Miller [v. New Jersey State Dept. of Corr.]*, 145 F.3d [616, 618 (3d Cir. 1998)].

*Id.*

There is no basis to apply equitable tolling to this case. Although Petitioner did not reply to Respondents' statute-of-limitations defense, he does allege in Ground One that his "[t]rial counsel never informed [him] of his right to [file a direct] appeal or of his right to file post-sentence motion. Trial counsel abandoned Petitioner and forced Petitioner to file post-sentence motions *pro se*." ECF No. 5 at 12. To the extent that he would rely upon those assertions to support the argument that his counsel's alleged misconduct warrants the equitable tolling of

---

[10] Unlike the PCRA's statute of limitations, "AEDPA's limitation period is not jurisdictional" and is subject to equitable tolling. *Jenkins*, 705 F.3d at 89 (citing *Holland v. Florida*, 560 U.S. 631 (2010)).

9

AEDPA's statute of limitations for any period of time between the date his judgment of sentence became final on September 15, 2014, until he commenced his PCRA proceeding on March 17, 2015, that argument would have no merit. At Petitioner's August 15, 2014, SVP/sentencing hearing, he was advised that he had the right to file a post-sentence motion, which could include a challenge to the entry of his guilty plea and a challenge to the sentence imposed, and that he had to file that type of motion within ten days. SVP/Sentencing Hr'g Tr., 8/15/14, at 2-3. He was also advised that he had the right to file a direct appeal with the Superior Court within thirty days of the date a post-sentence motion is denied or, if no motion was filed, within thirty days of the date of the SVP/sentencing hearing. *Id.* at 3.

Moreover, if Petitioner's trial counsel had "abandoned him," it is reasonable to presume that he would have notified the Court of Common Pleas, since that court's file shows that Petitioner repeatedly submitted *pro se* filings to it even when he had counsel. However, Petitioner did not file anything to that court after his SVP/sentencing hearing until on or around January 13, 2015, when he filed a *pro se* motion requesting that he receive 76 days of sentencing credit. SCR No. 69. He did not allege in that filing that his trial counsel failed to follow his instructions and file a post-sentence motion or a direct appeal. And, importantly, he did make that allegation in his first PCRA petition (SCR No. 82), which he filed on March 17, 2015.

In conclusion, Petitioner has shown neither that an "extraordinary circumstance" stood in his way of filing Ground One within AEDPA's statute of limitations or that acted with the required diligence sufficient to justify any equitable tolling. Petitioner may not have understood the implications of waiting so long to file his federal habeas corpus petition, but it is well established that a petitioner's "lack of legal knowledge or legal training does not alone justify equitable tolling." *Ross*, 712 F.3d at 800 (citing *Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir.

2003) and *Doe v. Menefee*, 391 F.3d 147, 177 (2d Cir. 2004)). Therefore, Ground One is untimely and the Court will dismiss it for that reason.

As for Ground Two, the Court must dismiss it because it is not a cognizable claim for relief in a § 2254 habeas petition. Petitioner contends in Ground Two that he was denied due process during his PCRA proceeding because his counsel was ineffective, but "the federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's collateral [PCRA] proceeding does not enter into the habeas calculation." *Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998) (internal citations omitted); *Lambert v. Blackwell*, 387 F.3d 210, 247 (3d Cir. 2004) ("[A]lleged errors in collateral proceedings are not a proper basis for habeas relief from the original conviction.") Additionally, Petitioner did not have a federal constitutional right to counsel during his PCRA proceeding, *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987), and, for that reason, he cannot receive habeas relief on a claim that his PCRA counsel was ineffective, a fact codified by statute at 28 U.S.C. § 2254(i), which expressly provides that "[t]he ineffectiveness of counsel during Federal or State collateral post-conviction proceedings shall not be ground for relief in a proceeding arising under section 2254." *See also Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991) ("There is no constitutional right to an attorney in state post-conviction proceedings.... Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings.")

### III. Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* Applying those standards here, jurists of reason would not find it debatable whether each of the Petitioner's claims should be dismissed for the reasons given herein. Accordingly, the Court will not issue a certificate of appealability on either of Petitioner's grounds for relief.

An appropriate order follows.

**ORDER**

AND NOW, this 30th day of November, 2018, IT IS ORDERED that Petitioner's claims for habeas relief are dismissed with prejudice and a certificate of appealability is denied on all claims.

_____
RICHARD A. LANZILLO
United States Magistrate Judge